## Commonwealth v. Waters

*Daniel W. Shoemaker*, for petitioner.

*Donald L. Reihart, District Attorney*, for Commonwealth.

*John D. Flinchbaugh, Assistant County Solicitor*, for County.

SHADLE, *P. J.*, April 1, 1975—In these two cases, on August 10, 1967, defendant was charged with, arrested and committed for certain misdemeanors alleged to have been committed during the same month. On August 12, 1967, defendant and the petitioner herein as his surety posted two bonds of $500 each before the issuing authority for his further appearance in the proceedings, and defendant thereupon was released. The transcript of the issuing authority states that defendant failed to

appear at the preliminary hearing and, on December 12, 1967, all papers from the issuing authority were filed with the clerk of courts.

On December 12, 1967, pursuant to leave of court granted upon petition of the district attorney, bills of indictment were approved by the grand jury. The following day a process was issued for the arrest of defendant. On June 24, 1974, the two bonds in question were forfeited by the court; notice of such forfeitures was given to petitioner as surety and the district attorney thereafter confessed judgments on the bonds against petitioner. Defendant has never since appeared nor been apprehended or surrendered.

Petitioner has filed the instant petition to remit the forfeitures of the bail and obtain satisfaction of the judgments. He alleges as ground therefor (a) refusal of the clerk of courts to issue to him a bail piece to apprehend defendant on his application therefor some time in 1967, (b) failure of the Commonwealth to notify petitioner as surety of the requirement of defendant to appear, (c) the statute of limitations, (d) laches, and (e) violation of unspecified Rules of Criminal Procedure in an unspecified manner. A rule was granted upon the Commonwealth and the County of York; they have filed answers to the petition and the issue was submitted to the court.

On the matter of a bail piece, petitioner alleges that the clerk of courts refused to issue one to him when he so requested some time in 1967 because on that date the cases had not yet been returned to court by the issuing authority. Whether or not that procedure was correct, the record fails to disclose any effort by petitioner in the subsequent seven years after the cases were returned, and particu-

larly after he learned of the bond forfeitures, to obtain a bail piece in order to apprehend defendant. Petitioner therefore is not now in a position to take advantage of, nor to shift responsibility for, his own dereliction on this point.

We take this opportunity to call to the attention of the bar a change in practice regarding bail pieces. Prior to September 23, 1973, there was no Rule of Criminal Procedure specifically applicable to the issuance of bail pieces. The local practice was for the clerk of courts to issue such instruments to sureties upon request for any or no reason. However, Pa.R.C.P. 4016(A)(3), which became effective September 23, 1973, now provides as follows:

"The surety may apply for a bail piece *from the court. If the court is satisfied that a bail piece is required, it may issue a bail piece. . . .*" (Emphasis added.)

Henceforth, sureties may obtain bail pieces only upon application to and approval by the court. Grounds justifying the issuance thereof will be the fact that a defendant has failed to comply with the terms of the bond in specified respects or has absconded. A mere desire of the surety to be relieved of his obligation will not be sufficient.

As to the failure of the Commonwealth to notify petitioner of the requirement of defendant to appear, in an opinion filed this date in Commonwealth v. Bahn, et al., 74 D. & C. 2d 122, we have held that there is no legal requirement of such notice to appear, as distinguished from notice to the surety of the fact of forfeiture of the bond. Such latter notice was in fact given in this case.

On the matter of the statute of limitations or laches, counsel has referred us to no exception of

the general rule that such doctrines are not available against the Commonwealth, and we are aware of none. Neither has our attention been called to any provisions of the Rules of Criminal Procedure, which may have been violated in these proceedings.

Nevertheless, we noted in Commonwealth v. Bahn, et al., supra, that the issue of moderation or remission of forfeited bonds is a matter of equity, justice and legal discretion. Petitioner alleges that he is not a professional bondsman, and there is no indication that he received any compensation or remuneration for executing the bonds in question. It seems to us that there is a degree of fundamental unfairness in the Commonwealth having permitted petitioner to become lulled into a sense of security by failing for over six years to give any notice or take any action after defendant's default, and then suddenly notifying petitioner that his bonds posted six years earlier had been forfeited and judgments had been entered thereon. In the interests of equity and justice we shall exercise our discretion in a manner we consider appropriate on the basis of the facts in this case.

Our decision is confined to the facts here involved, and will not constitute a precedent for cases involving different facts, particularly where defaulting defendants have not been apprehended and surrendered.

## ORDER

And now, April 1, 1975, upon the petitioner herein paying to the Clerk of Courts the costs of prosecution in each case, and upon his paying to the prothonotary the docket costs on each of said judg-

ments, it is ordered that the liability of petitioner upon the bonds forfeited in these cases be limited to such amounts, that any forfeiture in excess thereof is remitted, and that, upon such payments, the district attorney shall cause said judgments to be satisfied of record. Exceptions are noted for the Commonwealth and the County of York.